Citation Nr: 1229614 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 09-49 826 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an evaluation in excess of 50 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability (TDIU).

3. Entitlement to vocational rehabilitation services.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Hallie E. Brokowsky, Counsel

INTRODUCTION

The Veteran had active service from November 1985 to May 1989.

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

A November 2008 rating decision recharacterized the Veteran's psychiatric disability as PTSD with major depressive disorder, and assigned an increased, 50 percent disability evaluation from June 22, 2004. The Veteran disagreed with assigned 50 percent disability evaluation from June 2004; thus, the issue is as characterized above. See AB v. Brown, 6 Vet. App. 35 (1993). 

The Board has not only reviewed the Veteran's physical claims file, but also the Veteran's file on Virtual VA, to ensure a total review of the available evidence.

Unfortunately, further development of the evidence is required before the Board can adjudicate the Veteran's claim of entitlement to an increased, staged disability evaluation for PTSD, as well as for his claims of entitlement to vocational rehabilitation and TDIU. As such, these claims are being REMANDED to the RO via the Appeals Management Center in Washington, DC. VA will notify the Veteran if further action is required on his part.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement pertinent records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

In Rice v. Shinseki, 22 Vet. App. 447 (2009), the U.S. Court of Appeals for Veterans Claims held that a TDIU claim is part of an increased rating claim when such claim is reasonably raised by the record. In this case, the Veteran filed a claim of entitlement to a TDIU, which was denied by the RO in September 2010. However, the Veteran has continued to allege that his service-connected PTSD precludes him from obtaining or maintaining gainful employment. As such, the TDIU claim remains part and parcel of the PTSD staged rating claim. The Board notes that the issue of entitlement to TDIU is inextricably intertwined with the Veteran's claim of entitlement to an increased disability evaluation, currently on appeal. See, e.g., Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered). 

Additionally, in a May 2009 decision, the RO denied the Veteran's claim of entitlement to vocational rehabilitation services. In a statement received in later in May 2009, the appellant indicated that he disagreed with the RO's denial of his claim. His statement may be reasonably construed as expressing disagreement with the RO's rating decision, and the Board thus concludes that this constitutes a timely notice of disagreement (NOD) with the RO's decision. As such, this claim must be remanded to the RO for issuance of a statement of the case (SOC). See Manlincon v. West, 12 Vet. App. 238, 240-241 (1999). The Veteran also must be given an opportunity to perfect an appeal to the Board concerning this issue by submitting a timely substantive appeal (e.g., a VA Form 9 or equivalent statement). See 38 C.F.R. §§ 20.200, 20.202, 20.300, 20.301, 20.302, 20.303, 20.304, 20.305.

Similarly, since it is necessary to remand the case, the RO should also take this opportunity to associate the vocational rehabilitation file with the claims file.

Moreover, the Veteran contends that his service-connected PTSD is worse than currently evaluated. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994), and Allday v. Brown, 7 Vet. App. 517, 526 (1995). The Board acknowledges that the Veteran was afforded VA examinations in September 2007, in connection with his claim for service connection, and more recently in August 2010, and that copies of those examination reports are associated with his claims file. Nevertheless, the Veteran's representative indicates that the Veteran's PTSD symptoms have continued to worsen; the Veteran, by means of his VA Form 9 and multiple written statements, continues to assert that his current symptoms are more severe than presently evaluated. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997) (a veteran is entitled to a new examination after a two-year period between the last VA examination and the veteran's contention that the pertinent disability had increased in severity). The Court has also determined that the fulfillment of the statutory duty to assist includes conducting a thorough and contemporaneous medical examination, one that takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one. See Green v. Derwinski, 1 Vet. App. 121, 124 (1991). 

As such, in order to effectively evaluate the Veteran's service-connected PTSD, more recent objective characterizations of this condition and the associated symptomatology are required. See 38 U.S.C.A. § 5103A(d)(1); 38 C.F.R. § 3.159(c)(4) (VA has an affirmative duty to obtain an examination of the claimant at VA health-care facilities if the evidence of record does not contain adequate evidence to decide a claim). As a result, an additional VA examination would be useful in evaluating the appeal.

Additionally, since it is necessary to remand these claims, any more recent VA treatment records should be obtained.

Accordingly, the case is REMANDED for the following action:


1. Issue the appellant a statement of the case with respect to the issue of entitlement to vocational rehabilitation services. The Veteran should be informed that he must file a timely and adequate substantive appeal in order to perfect an appeal of this matter to the Board. See 38 C.F.R. §§ 20.200, 20.202, and 20.302(b). If, and only if, the appellant submits a timely substantive appeal concerning these additional issues should the issue be forwarded to the Board for appellate consideration.

2. Obtain the Veteran's VA vocational rehabilitation file and associate it with the claims file. 

3. Obtain the Veteran's medical records from St. Petersburg VA Medical Center for any treatment received since July 2008.

4. Schedule the Veteran for an appropriate VA examination to ascertain the current severity and manifestations of his service-connected PTSD. The claims file should be made available to the examiner for review in connection with the examination. Any indications that the Veteran's complaints or other symptomatology are not in accord with the objective findings on examination should be directly addressed and discussed in the examination report.

5. When the development requested has been completed, the case should again be reviewed by the RO/AMC. If the claims remain denied, the appellant and his representative, if any, should be furnished a SSOC and afforded a reasonable period of time within which to respond thereto. Thereafter, the case should be returned to the Board, as appropriate.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).




_________________________________________________
CHRISTOPHER MURRAY
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).